**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0345, <u>State of New Hampshire v. Joseph Hoell, Jr.</u>, the court on February 5, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, Joseph Hoell, Jr., appeals an order of the Circuit Court (<u>Spath</u>, J.) finding him guilty of violating RSA 265:79-c (2024), "Use of Mobile Electronic Devices While Driving; Prohibition," because he was "holding his cellphone . . . while driving his car." On appeal, the defendant argues that the trial court erred because, although he was holding his cellphone while driving, he was not "using" his cellphone in a manner prohibited by RSA 265:79-c. We agree and reverse.

The trial court found, or the record supports, the following facts. On September 8, 2021, police officers observed the defendant holding his cellphone and steering wheel simultaneously with the same hand while driving his car. The defendant was engaged in a phone call which was being routed through his cellphone into his car's Bluetooth device. The officers stopped the defendant and issued a summons to him for violating RSA 265:79-c, which prohibits the use of a hand-held mobile electronic device while driving on a way. <u>See</u> RSA 265:79-c, I(a).

At trial, the defendant argued that holding a cellphone does not violate the statute unless it is being held to the driver's ear and, alternatively, that his conduct fell into the hands-free electronic device statutory exception. The trial court rejected the defendant's arguments and found that "a violation of the statute occurred with the Defendant's conduct of having the cellphone in his hand while driving." Further, the trial court ruled that the defendant's conduct did not fall within the hands-free electronic device statutory exception because the defendant "had not fully completed his transfer to being 'hands free.'" The defendant filed a motion for a new trial and a motion for reconsideration. The trial court denied both motions. This appeal followed.

When, as here, the parties' arguments require us to engage in statutory interpretation, our review is <u>de novo</u>. <u>State v. Beattie</u>, 173 N.H. 716, 720 (2020). In matters of statutory interpretation, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. <u>Id</u>. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add

language that the legislature did not see fit to include.  Id.  The legislature is not presumed to waste words or enact redundant provisions and whenever possible, every word of a statute should be given effect.  Id.  Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole.  Id.  This approach enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme.  Id.

On appeal, the defendant argues that his conduct did not violate the plain language of RSA 265:79-c, I(a) because he was "holding" his cellphone, while the statute prohibits "us[ing]" a cellphone while driving.  See RSA 265:79-c, I(a).  In the alternative, the defendant asserts that, even if he was "using" his cellphone, his conduct is not an offense under the statute because he was using his car's hands-free Bluetooth device in compliance with RSA 265:79-c, II(c).  That provision states that it is not an offense under the statute to "use a Bluetooth enabled or other hands-free electronic device . . . for such a purpose to send or receive information" while driving.  RSA 265:79-c, II(c).

The State counters that the defendant was "using" the cellphone to conduct a conversation by routing a call through the hands-free Bluetooth device in his car.  The State further argues that the defendant's conduct does not fall into the hands-free electronic device statutory exception because, by holding the cellphone while routing the call through the Bluetooth device, he was not using the Bluetooth device "without the use of either hand."  See id.  We conclude that the defendant's conduct did not violate the statute because he was not "us[ing]" his cellphone as a "hand-held mobile electronic device" in violation of RSA 265:79-c, I(a).

RSA 265:79-c, I(a) provides that "[n]o person, while driving a moving motor vehicle upon a way . . . shall use any hand-held mobile electronic device capable of providing voice or data communication."  "Use" is not defined in the statute, see RSA 265:79-c, and, therefore, we give it its plain and ordinary meaning.  See RSA 21:2 (2020); Appeal of Town of Lincoln, 172 N.H. 244, 248 (2019) ("When a term is not defined in the statute, we look to its common usage, using the dictionary for guidance." (quotation omitted)).  As relevant here, the word "use" is defined as "[t]o put (an instrument, implement, etc.) to practical use; esp. to make use of (a device designed for the purpose) in accomplishing a task." Oxford English Dictionary, https://www.oed.com/dictionary/use_v?tab=meaning_and_use#16016145 (last visited Feb. 3, 2025).

The statute further includes a non-exhaustive list of what constitutes "using" a hand-held mobile electronic device:

>  including but not limited to: reading, composing, viewing, or posting any electronic message; or initiating, receiving, or

conducting a conversation; or initiating a command or request to access the Internet; or inputting information into a global positioning system or navigation device; or manually typing data into any other portable electronic device.

RSA 265:79-c, I(a). These specific examples are consonant with the dictionary definition of "use" because they involve utilizing the cellphone to accomplish a task. See Oxford English Dictionary, supra (defining "use"). Therefore, we conclude that a cellphone is being "used" when it is being employed to accomplish a task.

The State argues that the defendant was "using" his cellphone to receive or conduct a conversation because a call was being routed through the cellphone into his hands-free Bluetooth device. We agree that routing a call to a Bluetooth device to facilitate a conversation is a task, and the cellphone was being employed to "accomplish[] [that] task." Id. We nonetheless conclude that the defendant was not using his cellphone in a hand-held manner prohibited by RSA 265:79-c, I(a).

Under RSA 265:79-c, a cellphone can be used either as a "hand-held mobile electronic device" or as a "hands-free electronic device," depending on precisely how it is being used. Compare RSA 265:79-c, I(a) (prohibiting use of any "hand-held mobile electronic device" while driving), with RSA 265:79-c, II(c) (defining "hands-free electronic device" as a "mobile electronic device . . . by which a user engages in conversation without the use of either hand"), and RSA 265:79-c, IV (prohibiting persons under age of eighteen from using "mobile electronic device[s], whether hands-free or not, while driving"). RSA 265:79-c, I(a) prohibits the use of only "hand-held mobile electronic device[s]." Accordingly, in order to determine whether the defendant violated RSA 265:79-c, I(a), we must determine whether he was using his cellphone in a "hand-held" or "hands-free" manner.

The definition of "hands-free electronic device" in RSA 265:79-c, II(c) reflects that a "mobile electronic device" is being used in a "hands-free" manner when it enables the person to "engage[] in conversation without the use of either hand"; except that the person may use "either hand merely to activate, deactivate, or initiate a function of the telephone." RSA 265:79-c, II(c). To use a device "without the use of either hand," id. (emphasis added), one must not be employing either hand to assist in "accomplishing [the] task" that the device is performing, Oxford English Dictionary, supra. Therefore, to use a device as a "hands-free electronic device," one must use the device to engage in conversation without employing either hand to assist in accomplishing that task other than "to activate, deactivate, or initiate a function of the telephone." RSA 265:79-c, II(c) (emphasis added). By implication, in order to use a mobile electronic device in a "hand-held" manner prohibited under RSA 265:79-c, I(a),

a person must use either hand to assist in accomplishing the task that they are performing with the device.

Here, the defendant was not using his cellphone in a hand-held manner prohibited by RSA 265:79-c, I(a).  The defendant was not holding his cellphone to accomplish the task of routing the call to his hands-free Bluetooth device.  Instead, holding the cellphone was unrelated to the task that the defendant was using the cellphone to perform — it was as if the defendant were holding any other object.  Put another way, the defendant was using his cellphone as a "hands-free electronic device" because he was "engag[ing] in conversation without the use of either hand" to accomplish that task.  RSA 265:79-c, II(c) (emphasis added).  Accordingly, the defendant did not violate RSA 265:79-c, I(a) because he was not using the cellphone as a "hand-held mobile electronic device."  RSA 265:79-c, I(a) (emphasis added).

In sum, we conclude that the trial court erred when it ruled that the defendant's conduct violated RSA 265:79-c.  Given this conclusion, we need not address the parties' remaining arguments.  See Merrimack Premium Outlets v. Town of Merrimack, 174 N.H. 481, 489 (2021).  Accordingly, we reverse.

Reversed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4